UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATTACHA CANTAVE, individually, and
DARLING ELIE, as parent and natural
guardian of minors D.E., J.B.(1), and J.B.(2),

    Plaintiffs,

v.                                             Case No. 2:20-cv-00920-JLB-NPM

RAFI AL-AMIN, an individual, and AL-
AMIN BROTHERS TRANSPORTATION,
LLC, an Illinois corporation,

    Defendants.
_____/

## ORDER

This cause comes before the Court sua sponte upon review of the notice of removal filed by Defendants Rafi Al-Amin and Al-Amin Brothers Transportation, LLC. (Doc. 1.) The notice provides that the parties are completely diverse, in part because Al-Amin Brothers Transportation, LLC ("ABT") is organized under the laws of Illinois, and its principal place of business is Illinois. (Id. at ¶¶ 11–12.) The Court requires more information about the citizenship of ABT's members before it can determine whether subject matter jurisdiction exists.

District courts must "inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Subject matter jurisdiction exists if the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332. Complete diversity requires that the citizenship of every plaintiff be diverse

from the citizenship of each defendant. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). "[D]iversity jurisdiction is determined . . . at the time of removal." PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1306 (11th Cir. 2016). "[A] removing defendant bears the burden of proving federal jurisdiction." Lowery v. Ala. Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007).

"[A] limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings, 374 F.3d 1020, 1022 (11th Cir. 2004). If members of an unincorporated association—like an LLC—are themselves unincorporated associations, then the citizenship of those members must be traced through all their respective partners or members, however many layers there might be. See Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1220 (11th Cir. 2017). This is distinct from the citizenship of corporate entities, which is determined by their state of incorporation and principal place of business. See 28 U.S.C. § 1332(c).

The allegations in the notice of removal are insufficient for this Court to determine ABT's citizenship at the time of removal. According to the notice, ABT is organized under the laws of Illinois, and its principal place of business is Illinois. (Id. at ¶¶ 11–12.). Because ABT is not a corporation, its citizenship is not determined by its state of organization or its principal place of business—the relevant inquiry is the citizenship of its members. There is nothing in the notice of removal or its attachments regarding the citizenship of ABT's members.

Therefore, it is **ORDERED**:

1. **No later than December 4, 2020**, ABT is **DIRECTED** to file a supplemental memorandum addressing the deficiencies identified in this Order.

2. Absent compliance with this Order, the case will be remanded to state court without further notice.

**ORDERED** in Fort Myers, Florida, November 24, 2020.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE